UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRICEN B. GRAHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK, N.A., and others,<br><br>    Defendants. | Case No. 13-cv-01613 NC<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 6, 9 |

Plaintiff Bricen Graham's claims arise from a mortgage secured by a deed of trust on his home in Oakland, California. Graham alleges that defendants misrepresented to him his ability to modify his loan, breached the implied covenant of good faith and fair dealing in the mortgage agreement, were negligent in their assessment of his application for a loan modification, and failed to follow the procedures in California Civil Code § 2923.5 in instituting foreclosure proceedings. Defendants move to dismiss these claims. Graham moves to remand the action to state court. The issues are (1) whether the amount in controversy exceeds $75,000; (2) whether Graham is judicially estopped from bringing this action because he failed to disclose these claims in bankruptcy; and if not, (3) whether he has pleaded sufficient facts to state a plausible claim for relief. The Court finds the jurisdictional amount in controversy is satisfied and DENIES the motion to remand. The Court GRANTS the motion to dismiss but gives Graham LEAVE TO AMEND his complaint within 21 days if he can plead specific facts that show he is entitled to relief.

# I. BACKGROUND

On August 10, 2005, Graham executed a deed of trust against his home in Oakland, California to secure a $630,000 mortgage from New Century Mortgage Corporation. Dkt. No. 1, Ex. A ¶ 11. The loan had an adjustable rate, and Graham was able to afford the monthly payment initially because it was an interest-only payment. *Id.* ¶ 13. Eventually, Graham fell behind on his loan payments. *Id.* ¶ 16. On June 17, 2008, Quality Loan Service Corporation recorded a notice of default against Graham. *Id.* ¶ 17. Graham filed for Chapter 13 bankruptcy in the Northern District of California on January 24, 2009. *Id.* ¶ 18. In September 2012, Graham made payments of $2500 per month to defendant Select Portfolio Servicing, Inc., while his application to modify his loan was pending. *Id.* ¶ 19. On October 2, 2012, Select Portfolio denied Graham's request to modify his loan. *Id.* ¶ 20.

Graham sued defendants Select Portfolio, a Utah corporation, and U.S. Bank, N.A., a bank with its main office in Ohio, in the Superior Court of California for Alameda County. Graham stated seven causes of action: (1) violation of California Civil Code § 2923.5; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) promissory fraud; (5) breach of the implied covenant of good faith and fair dealing; (6) negligence; and (7) violation of California Business & Professions Code § 17200. *See generally* Dkt. No. 1, Ex. A. The complaint demanded declaratory relief, an injunction, and damages. *Id.*

Defendants removed the suit to this Court alleging diversity jurisdiction. Dkt. No. 1. They subsequently moved to dismiss Graham's claims, arguing that he is judicially estopped from bringing suit because he failed to disclose these claims in bankruptcy and that the complaint alleges insufficient facts to state a plausible claim under relief for each of Graham's seven allegations. Dkt. No. 6. Defendants also requested judicial notice of several documents which they allege support their motion. Dkt. No. 11.

Graham moved to remand the case to state court. Dkt. No. 9. He argues that because he seeks a good faith review of his application to modify his loan and not the value of the loan, that the amount in controversy does not exceed $75,000. *Id.* Defendants oppose the motion to remand arguing that diversity jurisdiction is established. Dkt. No. 10.

When Graham did not oppose the motion to dismiss, this Court ordered Graham to show cause why he had failed to file an opposition or statement of nonopposition. Dkt. No. 15. The Court discharged the show cause order when Graham's counsel filed a declaration, with his opposition attached, explaining that the opposition was not filed due to an administrative error. Dkt. Nos. 16, 17.

The Court held a hearing on the two pending motions on May 22, 2013. Dkt. No. 19. Counsel for Graham failed to appear and has not sought to explain the failure. *Id.*

Both parties consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 5, 14.

## II. PLAINTIFF'S MOTION TO REMAND

A.  **Legal Standard**

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation and internal quotation marks omitted).

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Where a plaintiff's state court complaint does not specify an amount of damages, a removing defendant must establish that the amount in controversy more likely than not exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the amount in controversy has been met, the "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in

controversy at the time of removal." *Id.* (citation and internal quotation marks omitted). It is within the district court's discretion to conduct discovery relevant to the jurisdictional amount. *Abrego Abrego v. The Dow Chemical Co.*, 433 F.3d 676, 691 (9th Cir. 2006).

A motion to remand under 28 U.S.C. § 1447(c) "is the proper procedure for challenging removal." *Moore-Thomas*, 553 F.3d at 1244. In resolving a motion to remand, the court must construe the removal statute "strictly" and must deny the motion if there is "any doubt about the right of removal." *Id.*

**B.  Discussion**

Graham moves to remand the action to state court, disputing that the amount in controversy exceeds $75,000. He argues that because he does not seek the value of the loan, but rather a good faith review of his application to modify his loan, his damages are less than $75,000.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citation and internal quotation marks omitted). In an action to enjoin a foreclosure or quiet title, the object of the litigation is the real estate itself. *Champan v. Deustche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Although Graham seeks a "good faith loan modification," he also seeks to enjoin foreclosure and to determine title against defendants. *See* Dkt. No. 1 at 17. Therefore the property is the object of the litigation and determines the amount in controversy. *Rodriguez v. Wells Fargo Bank, N.A.*, No. 11-cv-05172 RMW, 2011 WL 6304152, *3 (N.D. Cal. Dec. 16, 2011) (finding that balance of loan secured by property showed that amount in controversy exceeded $75,000 where complaint sought only $62,453 in damages but also to enjoin foreclosure).

Graham listed the value of property at $600,000 on his January 2009 Chapter 13 bankruptcy petition to the Northern District of California Bankruptcy Court. Dkt. No. 7-1 at 40. As of April 29, 2013, the total amount owed on Graham's loan is $699,261.48. Dkt.

No. 12. Independent of what the damages of defendants' allegedly tortious conduct may prove to be, the value of object of the litigation exceeds $75,000. Defendants have met their burden to show removal is proper. The Court DENIES Graham's motion to remand.

## III. DEFENDANTS' MOTION TO DISMISS

**A.   Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 2101 (2012). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citation and internal quotation marks omitted). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

//

**B.    Request for Judicial Notice**

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008). In addition, under Federal Rule of Civil Procedure 10(c), a court may take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). The court may not judicially notice the truth of the disputed facts contained in such a document, however. *Lee*, 250 F.3d at 689.

Defendants request judicial notice of (1) the deed of trust recorded August 23, 2005 in the Official Records of Alameda County; (2) the notice of default recorded on June 17, 2008 in the Official Records of Alameda County; (3) a corporate assignment of the deed of trust recorded in the Official Records of Alameda County on July 29, 2008; (4) a notice of trustee's sale recorded on January 7, 2009 in the Official Records of Alameda County; (5) Graham's Chapter 13 Bankruptcy Petition filed on January 24, 2009 in the Northern District of California Bankruptcy Court; (6) Graham's amended schedules filed on April 24, 2009 in the bankruptcy court; (7) a June 18, 2009 confirmation order from the bankruptcy court following a meeting of the creditors; (8) Graham's amended schedules filed on July 29, 2010 in bankruptcy court; and (9) the bankruptcy court's order dated October 18, 2010 modifying Graham's Chapter 13 plan. Dkt. No. 7-1.

Each of these documents is an official county record or a court document, within the public record, the accuracy of which can be readily ascertained. Furthermore, Graham does

not explicitly object to defendants' request. Graham does allege in his complaint, however, that defendants failed to comply with the notice requirements of California Civil Code § 2923.5. Page three of the notice of trustee's sale states that efforts were made on three separate dates to contact Graham in accordance with § 2923.5. Dkt. No. 7-1 at 31. Because this fact is in dispute, the Court will take judicial notice of the existence of the trustee sale notice but will not judicially notice the truth of the facts asserted therein. The Court will take judicial notice of all other documents as requested by defendants.

## C.   Discussion

### 1.   Judicial Estoppel

Defendants argue that Graham is judicially estopped from pursuing his claims against them because he did not disclose the claims during his bankruptcy proceeding. In *Hamilton v. State Farm Fire & Cas. Co.*, the Ninth Circuit held that a plaintiff who knew of his claims against defendants and did not disclose them in his bankruptcy statements was judicially estopped from bringing claims against defendants after the close of his bankruptcy proceeding. 270 F.3d 778, 784 (9th Cir. 2001). Similarly, in *Vertkin v. Wells Fargo Home Mortgage*, No. 10-cv-00775 RS, 2010 WL 3619798, *3 (N.D. Cal. Sept. 9, 2010), the plaintiff "was required to amend her bankruptcy schedule to include [her] claim once she gained knowledge of enough facts to give rise to a potential cause of action" even though at the time that she "filed for bankruptcy in October 2008, the events leading to her claim against defendants had not occurred."

Here, Graham filed for Chapter 13 bankruptcy on January 24, 2009. Dkt. No. 1, Ex. A ¶ 18. He alleges in his opposition that these proceedings culminated in a third amended plan on October 18, 2010. Dkt. No. 16-1 at 5. Many of Graham's claims stem from defendants' denial in October 2012 of his application to modify his loan. It is unclear from the facts of the complaint, however, when the bankruptcy proceedings ended. For example, Graham alleges that as late as September 2012 his bankruptcy attorney directed him to make payments to defendant Select Portfolio Servicing. Dkt. No. 1, Ex. A ¶ 19. Equally, unclear is whether Graham was aware of any of his claims during the time he was under an

obligation to disclose his assets to the bankruptcy court.  Graham's counsel failed to appear at the hearing, and so these questions remain unanswered.  As pleaded, the complaint does not show that Graham had no obligation to disclose these claims to the bankruptcy court.  The Court GRANTS defendants' motion to dismiss based on their argument that Graham is judicially estopped from pursuing these claims.  Graham has LEAVE TO AMEND his complaint to demonstrate that he had no obligation to disclose these claims to the bankruptcy court and therefore is not estopped from pursuing them.

In the event that Graham can plead facts that show he is not judicially estopped, the Court turns to the sufficiency of his substantive claims as pleaded.

**2.     Violation of California Civil Code § 2923.5**

Defendants contend that Graham cannot state a claim under California Civil Code § 2923.5 because they reviewed Graham's application to modify his loan.  California Civil Code § 2923.5 requires a mortgage servicer to contact borrowers "in person or by phone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" prior to recording a notice of default.  A mortgage servicer can satisfy this procedural requirement by waiting to record a notice of default until after a borrower receives a written determination regarding his pending application for a loan modification.  *Compare* Cal. Civ. Code § 2923.5(a)(1)(B) *with* § 2924.18(a)(1).  "There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (Ct. App. 2010).

The facts as pleaded show that a notice of default was recorded on June 17, 2008.  Dkt. No. 1, Ex. A ¶ 17.  Graham asserts that defendants completed "none" of the procedural requirements of § 2923.5.  *Id.* ¶ 26.  Graham states that he applied multiple times to modify his loan and submitted the necessary documentation for review.  *Id.* ¶¶ 54, 55.  He does not plead, however, that he had a pending loan modification application in June 2008 or that the notice of default was filed before he received a determination of his application.  Moreover, Graham does not assert any facts that would indicate that he is still in possession of his house and that the only remedy available under § 2923.5—postponement of the sale to

comply with the statutory procedures—is available to him. Therefore, the Court GRANTS defendants' motion to dismiss but gives Graham LEAVE TO AMEND if he can plead facts that would support the inference that defendants failed to follow the procedures outlined in § 2923.5 and that the remedy provided by the statute is available to him.

### 3. Fraud

Graham' second, third, and fourth claims are all variations on fraud. He alleges that defendants intentionally and negligently misrepresented to him that he would be able to modify his loan under the terms of the deed of trust, and that defendants promised that his loan would be modified if he submitted the proper paperwork. Dkt. No. 1, Ex. A ¶¶ 30-33, 40-41, 47. Defendants move to dismiss these claims as untimely and unspecific.

Graham's claims based on defendants' alleged misrepresentation of the terms of the deed of trust appear to be barred by the statute of limitations. The statute of limitations for a claim of fraud is three years. Cal. Civ. Proc. Code § 338. Nevertheless, the cause of action does not accrue until Graham learned of the facts constituting the fraud. *Id.*

Graham took out his loan and signed the deed of trust on August 10, 2005, but he was denied for a loan modification as recently as 2012. *Id.* ¶¶ 11, 20. Graham's allegations are not specific enough, however, to show when he found out about the alleged misrepresentations of his ability to modify under the terms of the deed (or who made them and what they consisted of). The complaint also does not specify who promised Graham that his loan would be modified if he submitted the proper paper work and when that allegedly false promise was made. Because Graham fails to satisfy the heightened pleading requirement under Federal Rule of Civil Procedure 9(b) for a claim of fraud, the Court GRANTS defendants' motion. But, the statute of limitations does not necessarily bar Graham's fraud claims, and so the Court GRANTS LEAVE TO AMEND to plead facts that would state a claim for fraud with the specificity required under Rule 9(b). *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly

fraudulent] statement, and why it is false.") (citation and internal quotation marks omitted, brackets in original).

### 4. Breach of the Implied Covenant of Good Faith and Fair Dealing

Graham asserts that the terms of his deed of trust allow his loan to be modified and that defendants breached the implied covenant of good faith and fair dealing by securitizing his loan. Dkt. No. 1, Ex. A ¶¶ 53-58. Securitization, Graham argues, placed his ability to modify the loan in jeopardy. *Id.* Graham also alleges that defendants interfered with his right to modify the loan by denying his application and improperly calculating the net present value of his home. *Id.* As the complaint is pleaded, it is unclear whether Graham asserts breach of the covenant implied in the deed of trust or the alleged oral promise to modify his loan if he submitted the proper paper work, or both.

As to the alleged oral promise to modify, Graham alleges only that he was told his loan would be modified if he submitted the appropriate paper work, *id.* ¶47, and does not plead any facts that show that this statement formed an oral contract. Regarding the deed of trust, Graham quotes part of the deed which states that "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note . . . ." *Id.* ¶ 53. He does not point to any language, however, that would establish that the parties contemplated that Graham would have the ability to modify the terms of the agreement. "[T]he existence of a contract is a necessary element to an action based on contract, regardless whether the plaintiff seeks specific performance or damages for breach of contract." *Roth v. Malson*, 67 Cal. App. 4th 552, 557 (Ct. App. 1998). Therefore, Graham's claims for breach of contract fail.

In addition, it is unclear when defendants' alleged breach occurred and if Graham's claims are barred by the statute of limitations. If the breach occurred before defendants recorded the notice of default in June 2008, Graham's claim would be time barred as the statute of limitations for breach of contract is four years. Cal. Civ. Proc. Code § 337.

//

Because of these deficiencies, the Court GRANTS defendants' motion to dismiss Graham's breach of contract claims. Graham has LEAVE TO AMEND his complaint to plead the elements of a breach of contract claim that is not time barred.

### 5. Negligence

Graham alleges defendants were negligent in reviewing his application for a loan modification. Dkt. No. 1, Ex. A ¶ 62. He asserts that in undertaking to review his application to modify his loan, they assumed a duty of care towards him, which they breached by failing to tell him why his loan was not eligible for modification. *Id.* ¶¶ 64, 66.

Under California law, a duty of care may arise from a statute. *Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1215 (Ct. App. 2008). But to the extent that Graham claims a duty arises from California Civil Code § 2923.5, his claim must be denied. No damages are available under § 2923.5. *Mabry*, 185 Cal. App. 4th at 214. To borrow the duty of care from § 2923.5 and award damages under a common law negligence theory would circumvent the scope of relief prescribed by the state legislature.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991) (holding that defendant's preparation of appraisal was in order to ascertain sufficiency of collateral, not to "induce plaintiff to enter the loan transaction or to assure him that his collateral was sound" and therefore defendant owed no duty of care to plaintiff in preparing the appraisal). "[T]he test for determining whether a financial institution owes a duty of care to a borrower-client involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." *Id.* at 1098 (citation and internal quotation marks omitted).

Applying these factors to the facts alleged in Graham's complaint, his negligence claim fails.  First, Graham does not allege any facts that suggest that defendants denied his loan modification application to intentionally cause him harm.  Second and third, Graham fails to plead that the harm was foreseeable because he has not alleged any facts that would show that it was foreseeable that he would need to modify his loan or that it would be approved.  Fourth, the connection between defendants' alleged conduct and the harm is remote, again because Graham has not pleaded facts showing that the agreement provided that an application to modify the loan would be approved.  Fifth, Graham has pleaded some facts that could suggest that defendants securitized the loan for their own benefit and thus precluded even the possibility of modification, in other words, that defendants engaged in willful, self-serving conduct.  And sixth, the policy of preventing harm cuts both ways.  On the one hand, "[i]mposing negligence liability may give lenders an incentive to handle loan modification applications in a timely and responsible manner.  On the other hand, absent a duty in the first place to modify a loan or even to evaluate such an application under objective standards limiting the lender's discretion, imposing negligence liability for the mishandling of loan modification applications could be a disincentive to lenders from ever offering modification." *Ottolini v. Bank of Am.*, No. 11-cv-0477 EMC, 2011 WL 3652501,*7 (N.D. Cal. Aug. 19, 2011).  In sum, the factors weigh decidedly against finding that defendants owed a duty of care to Graham.

Because Graham's complaint falls short of pleading a duty owed to him by defendants, the Court GRANTS defendants' motion to dismiss Graham's negligence claim.  The Court notes that amendment is not likely to cure the deficiencies of this claim.  Nevertheless, because the Court has granted Graham leave to amend each of his other claims, he may amend this one also, to plead facts that might establish a duty of care.

**6.      Violation of California Business and Professions Code § 17200**

Graham's claim of unfair business practices under California Business and Professions Code § 17200 must be predicated on some other violation of law.  "[S]ection 17200 borrows violations of other laws and treats them as unlawful practices that the unfair

competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999) (citation and internal quotation marks omitted). Although "[v]irtually any state, federal or local law can serve as the predicate for an action" under § 17200, the remedies available under § 17200 are limited. *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (Ct. App. 1996). Specifically, an action brought under § 17200 "is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003). Because the Court dismisses Graham other claims, it also GRANTS defendants' motion to dismiss the § 17200 claim. If Graham amends his complaint, he may restate his § 17200 claim to seek equitable relief as well.

## IV. CONCLUSION

The Court DENIES Graham's motion to remand. Defendants' motion to dismiss is GRANTED as to all of Graham's claims. Graham has LEAVE TO AMEND his complaint to plead facts that show that he is not judicially estopped from pursuing claims against defendants and that are sufficiently specific to state plausible claims for relief. If he chooses to amend, Graham must file his amended complaint by June 13, 2013.

IT IS SO ORDERED.

Date: May 23, 2013

Nathanael M. Cousins
United States Magistrate Judge