Regina J. McClendon (State Bar No. 184669)
rmcclendon@lockelord.com
Stephanie A. Chambers (State Bar No. 261025)
schambers@lockelord.com
LOCKE LORD LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104
Telephone: 415-318-8810
Fax:  415-676-5816

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8 BY SELECT PORTFOLIO and SELECT PORTFOLIO SERVICING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICEN B. GRAHAM<br><br>              Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8 BY SELECT PORTFOLIO; SELECT PORTFOLIO SERVICING, INC.; and Does 1 – 10, inclusive<br><br>              Defendants. | CASE NO. 3:13-cv-01613-NC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER F.R.C.P. 60(a)(b)(1)**<br><br>Date:   October 30, 2013<br>Time:   1:00 p.m.<br>Courtroom: Courtroom A - 15th Floor<br><br><br><br><br><br>Complaint Filed:  March 7, 2013 |

## I. INTRODUCTION

Plaintiff BRICEN B. GRAHAM ("Plaintiff") asks this Court for relief from a judgment entered against him and in favor of defendants U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8 BY SELECT PORTFOLIO and SELECT PORTFOLIO SERVICING, INC. (collectively, "Defendants") nearly **four months ago**. Plaintiff's attorney, Joel Feinstein, filed a declaration stating that judgment was entered against his client because Mr. Feinstein failed to appear at the hearing on Defendants' motion to dismiss due to a calendaring error.

However, no less than **four individuals** working in Mr. Feinstein's office receive the ECF notifications generated by this Court upon the electronic filing of documents in this action. Thus four individuals working in Mr. Feinstein's office received notice of the hearing on Defendants' motion to dismiss. Four individuals working in Mr. Feinstein's office received this Court's order granting Defendants' motion to dismiss and granting Plaintiff until June 13, 2013, to file an amended complaint. And four individuals working in Mr. Feinstein's office received the judgment entered against Plaintiff on June 19, 2013, after Plaintiff failed to file an amended complaint. Indeed, *Plaintiff's own* untimely opposition to Defendants' motion to dismiss set forth the hearing date on Defendants' motion.

Mr. Feinstein's contention that this case was ultimately dismissed with prejudice due to a calendaring error is simply not supported by the facts. Even if Mr. Feinstein failed to appear at the hearing due to such an error, he and his colleagues received the resulting order granting Plaintiff leave to amend, and later, the judgment entered against Plaintiff nearly four months ago. He has provided no justification whatsoever for Plaintiff's failure to file an amended complaint within the time granted by this Court or for Plaintiff's failure to act promptly after judgment was entered against him.

This Court should deny Plaintiff's request for relief pursuant to Rule 60(a)(b)(1) of the Federal Rules of Civil Procedure.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed this action in the Alameda County Superior Court on March 7, 2013. Docket No. 1. Defendants thereafter removed this action to the United States District Court for the Northern District of California on April 10, 2013. *Id.*

Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim on April 15, 2013. The notice of motion clearly stated the Defendants' motion was set to be heard on May 22, 2013. Docket No. 6. This document was filed through the Court's electronic filing system. Both Mr. Feinstein and his associate, Chris Nguyen, are registered e-filers. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that the notice was served electronically on both Mr. Feinstein[1] and Mr. Nguyen. The Notice of Electronic Filing also sets forth the briefing schedule on the motion and the hearing date for the motion. Declaration of Stephanie A. Chambers ["Chambers Decl."], Ex. A.

On April 18, 2013, Plaintiff filed a motion to remand this action back to the Alameda County Superior Court. Docket No. 9. Defendants filed an opposition to this motion on May 1, 2013. Docket No. 10. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that the opposition was served electronically on both Mr. Feinstein and Mr. Nguyen. Chambers Decl., Ex. B. Plaintiff did not file a reply in support of this motion.

Plaintiff did not file an opposition to Defendants' motion to dismiss. Consequently, Defendants filed a reply in support of their motion that highlighted Plaintiff's failure to respond on May 6, 2013. Docket No. 13. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that the reply was served electronically on both Mr. Feinstein and Mr. Nguyen. Chambers Decl., Ex. C. Even after receiving Defendants' reply, Plaintiff did not file a response to Defendants' motion nor did he file a request for an extension of time to respond.

---

[1] The Notice of Electronic Filing shows that ECF notifications sent to Mr. Feinstein are also automatically sent to Mr. Nguyen, Myla Perez and Sean Webb. Mr. Feinstein, Mr. Nguyen, Ms. Perez and Mr. Webb all have e-mail addresses which share the domain name of "joelfeinsteinlaw.com." *See* Chambers Decl., Ex. A.

2
OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER F.R.C.P. 60(a)(b)(1)

1   This Court issued an Order To Show Cause Why Case Should Not Be Dismissed on May 9, 2013. Docket No. 15. This Court granted Plaintiff until May 10, 2013, at 5:00 p.m. to "show cause in writing why this action should not be dismissed" due to Plaintiff's failure to oppose Defendants' motion to dismiss *Id*. Mr. Feinstein filed a declaration in response to the Court's Order to Show Cause on May 10, 2013, in which he stated that Plaintiff's failure to oppose was due to "a miscommunication between my staff and I [sic]." Docket No. 16. This Court entered an order discharging the Order To Show Cause on that same date. Docket No. 17.

Plaintiff filed his opposition to Defendants' motion to dismiss on May 10, 2013. Docket No. 16-1. The opposition sets forth the date and time of Defendants' motion on the caption page. *Id*.

Defendants filed a supplemental reply in support of their motion to dismiss on May 17, 2013. Docket No. 18. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that the supplemental reply was served electronically on both Mr. Feinstein and Mr. Nguyen. Chambers Decl., Ex. D.

Neither Plaintiff nor his counsel appeared at the hearings on Defendants' motion to dismiss and Plaintiff's motion to remand which were both held on May 22, 2013. Chambers Decl., ¶ 6. This Court issued an order denying Plaintiff's motion to remand and granting Defendants' motion to dismiss on May 23, 2013. Docket No. 20. The order granted Plaintiff until June 13, 2013, to file an amended complaint. *Id*. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that this Court's order was served electronically on both Mr. Feinstein and Mr. Nguyen. Chambers Decl., Ex. E.

When Plaintiff did not file an amended complaint, Defendants filed a notice of lodgment of a proposed judgment of dismissal with prejudice on June 17, 2013. Docket No. 21. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that the notice of lodgment was served electronically on both Mr. Feinstein and Mr. Nguyen. Chambers Decl., Ex. F.

This Court entered judgment in favor of Defendants and against Plaintiff on June 19, 2013. Docket No. 22. The Notice of Electronic Filing generated by the Court upon the filing of this document indicates that the judgment was served electronically on both Mr. Feinstein and Mr. Nguyen. Chambers Decl., Ex. G.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

1  Plaintiff did not file an appeal nor did he promptly seek any relief from this Court.  Instead,
2  nearly four months after judgment was entered against him, Plaintiff asks for relief from judgment
3  judgment because the hearing date on Defendants' motion to dismiss was allegedly not calendared
4  by his attorney's assistant.

### III. PLAINTIFF'S REQUEST FOR RELIEF SHOULD BE DENIED

Rule 60(b) relief is an **extraordinary remedy** and is granted only in **exceptional circumstances**.  *See Sellers v. Mineta*, 350 F.3d 706, 716 (8th Cir. 2003); *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011); *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494 (7th Cir. 2011).  Mistakes that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as counsel acting without authority of the party to that party's detriment.  *See Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 576 (10th Cir. 1996) ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.").  Rule 60(b)(1) relief has also been granted upon a showing of a party's **excusable** failure to comply with procedural rules. *See Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir. 1985).

However, "an attorney's ignorance or carelessness is not cognizable under Rule 60(b)." *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001).  Similarly, " '[C]lients must be held accountable for the acts and omissions of their attorneys,' and [a party seeking relief under Rule 60(b) "cannot now avoid the consequences of the acts or omissions' of its counsel." *S.E.C. v. Platforms Wireless Int'l Corp*., 617 F.3d 1072, 1101 (9th Cir. 2010), citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993); *see also Netversant-Southern California, Inc. v. Johnson Controls, Inc. (In re Netversant Solutions, Inc.),* 426 B.R. 503, 509 (Bankr. D. Del. 2010) (excusable neglect not found when counsel failed to respond because he did not have client authority to act before the deadline); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) ("An attorney's failure to follow the clear dictates of a court order does not amount to excusable neglect."); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

2006) (denial of Rule 60(b) motion appropriate where plaintiff's attorney was given due warning about the possibility of dismissal of action for failure to prosecute); *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) ("[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect."); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (where a procedural rule "is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test."); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996) ("We have held time and time again that inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)."); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 932 (9th Cir. 1994) (counsel's "misconstruction of nonambiguous rules" did not constitute excusable neglect); *First Nat. Life Ins. Co. v. California Pac. Life Ins. Co.*, 876 F.2d 877, 882 (11th Cir. 1989) (denial of Rule 60(b) motion appropriate where attorney exhibited inexcusable neglect in failing to timely submit evidence in support of motion for summary judgment)

Here, Plaintiff does not contend that his attorney mistakenly acted without his authority. And Plaintiff also fails to demonstrate that his attorney's failure to take action to avoid the dismissal of this action was **excusable**.

Notably, Plaintiff contends that judgment was entered against him and this case was dismissed with prejudice because his attorney's assistant allegedly did not calendar the hearing on Defendants' motion to dismiss. *See* Declaration of Joel M. Feinstein, ¶¶ 4 – 5.

However, in addition to Mr. Feinstein, three of Mr. Feinstein's colleagues were electronically served with Defendants' notice of motion and motion to dismiss and also received the ECF notification setting forth the hearing date and briefing schedule on Defendants' motion. *See* Docket No. 6; Chambers Decl., Exh. A. All of these individuals were also electronically served with Defendants' reply which also included the hearing date of Defendants' motion. *See* Docket No. 13; Chambers Decl., Exh. C.

When Plaintiff finally filed his untimely opposition to Defendants' motion to dismiss—after this Court issued an order to show cause why this case should not be dismissed for failure to oppose—the opposition *included the hearing date of Defendants' motion. See* Docket No. 16-1.

5

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER F.R.C.P. 60(a)(b)(1)

Defendants' supplemental reply also indicated the hearing date for the motion to dismiss. Mr. Feinstein and his colleagues were all electronically served with a copy of this supplemental reply. *See* Docket No. 18; Chambers Decl., Exh. D.

And Plaintiff's own motion to remand was set for hearing on the same date as Defendants' motion to dismiss. See Docket No. 9. Plaintiff makes no effort to justify his attorney's failure to appear at the hearing on Plaintiff's own motion—which would have necessarily resulted in Plaintiff's attorney being present at the hearing on Defendants' motion to dismiss. Plaintiff has simply failed to demonstrate that his attorney's failure to appear was excusable.

And even setting aside the issue of Mr. Feinstein's failure to attend the hearing on Defendants' motion to dismiss, the case was not dismissed for that reason. Rather, at that hearing, Defendants' motion was granted **with leave to amend**. This Court issued an order on May 23, 2013, granting Plaintiff until June 13, 2013, to file an amended complaint. *See* Docket No. 20. This order was served electronically on Mr. Feinstein and his colleagues. Chambers Decl., Ex. E. Despite receipt of this order granting Plaintiff leave to file a first amended complaint, he did not do so. Plaintiff fails to show that either his or his attorney's failure to file a first amended complaint was excusable.

Defendants filed a notice of lodgment of a proposed judgment of dismissal following Plaintiff's failure to amend, and Mr. Feinstein and his colleagues were electronically served with this document. *See* Docket No. 21; Chambers Decl., Exh. F. Yet Plaintiff **still** took no action to either amend his complaint or request an extension of time to do so.

Finally, judgment was entered against Plaintiff and this action was dismissed with prejudice nearly **four months ago.** *See* Docket No. 22. Once again, Mr. Feinstein and his colleagues were electronically served with this judgment. Chambers Decl., Exh. G. Yet Plaintiff did not file an appeal or seek any form of immediate relief. Instead, he sat idly by for **months** until he finally elected to petition this Court for relief. Plaintiff provides no explanation whatsoever for this undue delay. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) ("[M]otions filed within the one-year limitation may still be barred under the reasonable-time limitation, depending on relevant circumstances."); *In re USN Commc'ns, Inc.*, 288 B.R. 391, 396 (Bankr. D. Del. 2003) ("A

motion filed under Civil Procedure Rule 60(b) is not considered timely just because it is filed within the one-year time limit…The motion must be filed within a reasonable time.").

For all of these reasons, Plaintiff has failed to justify his attorney's failures to appear at the hearing on Defendants' motion to dismiss, to file an amended complaint, and to promptly seek relief from this Court. This Court should decline to vacate the judgment entered against Plaintiff as a result.

**IV.    CONCLUSION**

Defendants respectfully request that this Court deny Plaintiff's request for relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Dated:  October 9, 2013                             Respectfully submitted,

LOCKE LORD LLP


By: */s/ Stephanie A. Chambers*
Regina J. McClendon
Stephanie A. Chambers
Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES NC 2005-HE8 BY SELECT PORTFOLIO and SELECT PORTFOLIO SERVICING, INC.

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER F.R.C.P. 60(a)(b)(1)