1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRICEN B. GRAHAM, | Case No. 13-cv-01613 NC |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO SET ASIDE JUDGMENT** |
| U.S. BANK, NAT'L ASS'N, and others, | |
| Defendants. | Re: Dkt. No. 23 |

Plaintiff Graham moves the Court to grant him relief under Federal Rule of Civil Procedure 60(b)(1) and set aside the judgment that the Court previously entered against him. Dkt. No. 23. Because Graham has failed to show that his failure to file a timely amended complaint was due to excusable neglect, the motion is denied.

**BACKGROUND**

Plaintiff filed this action in Alameda County Superior Court on March 7, 2013, alleging that defendants misrepresented to plaintiff his ability to modify his home loan, breached the implied covenant of good faith and fair dealing in the mortgage agreement, were negligent in their assessment of his application for a loan modification, and failed to follow the procedures in California Civil Code § 2923.5 in instituting foreclosure

Case No. 13-cv-01613 NC
ORDER DENYING MOTION TO SET
ASIDE JUDGMENT

1  proceedings.  Dkt. No. 1.

2  Defendants removed the suit to this Court alleging diversity jurisdiction, and

3  subsequently moved to dismiss Graham's claims.  Dkt. Nos. 1, 6.  Graham moved to

4  remand the case to state court.  Dkt. No. 9.  When Graham did not oppose the motion to

5  dismiss, this Court ordered Graham to show cause why he had failed to file an opposition or

6  statement of nonopposition.  Dkt. No. 15.  The Court discharged the show cause order when

7  Graham's counsel filed a declaration, with his opposition attached, explaining that the

8  opposition was not filed due to an administrative error.  Dkt. Nos. 16, 17.

9  The Court held a hearing on the motion to dismiss and the motion to remand on May

10  22, 2013.  Dkt. No. 19.  Counsel for Graham failed to appear and did not explain his failure

11  prior to the Court ruling on the motions.  *Id.*  The Court granted the motion to dismiss and

12  denied the motion to remand on May 23, 2013.  Dkt. No. 20.  In the order, the Court granted

13  plaintiff until June 13, 2013, to file an amended complaint.  *Id.*  After plaintiff failed to file

14  an amended complaint, defendants filed a notice of lodgment of a proposed judgment of

15  dismissal with prejudice on June 17, 2013.  Dkt. No. 21.  The Court entered the judgment of

16  dismissal with prejudice on June 19, 2013.  Dkt. No. 22.

17  On September 25, 2013, plaintiff Graham moved to set aside the judgment.

18  Defendants opposed the motion to set aside, and the Court found the motion suitable for

19  disposition without oral argument.  Dkt. Nos. 25, 26.  According to plaintiff's counsel Mr.

20  Feinstein, he did not attend the motion to dismiss hearing due to "a clerical error (Plaintiff's

21  Counsel's Calendaring Legal Assistant unexpectantly [sic] left her position) and unknown

22  failure to calendar the hearing."  Dkt. No. 23 at 3.  Feinstein also states that the Court's

23  deadline to file an amended complaint "was also inadvertently not calendared."  *Id.*

24  Plaintiff's attorneys, Joel Mark Feinstein and Chris T. Nguyen, are counsel of record

25  on the Court's Electronic Court Filing system.  Notices of Electronic Filing generated by

26  the Court's ECF system indicate that Mr. Feinstein and Mr. Nguyen were emailed notice of

27  the filing of plaintiff's motion to dismiss, the Court's order granting the motion to dismiss,

28  the lodgment of a proposed judgment and dismissal, and the Court's entering of the

1  judgment and dismissal.  Chambers Decl., Exs. A, E, F, G.

2      Both parties consented to the jurisdiction of a United States magistrate judge under

3  28 U.S.C. § 636(c).  Dkt. Nos. 5, 14.

4                              **LEGAL STANDARD**

5      Rule 60(b)(1) allows a district court to provide relief from a final judgment on the

6  grounds of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P.

7  60(b)(1).  Whether to grant or to deny a motion under Rule 60(b) is within "the sound

8  discretion of the district court."  *Barber v. State of Hawai'i*, 42 F.3d 1185, 1198 (9th Cir.

9  1994).

10     The Court's inquiry as to whether neglect is excusable "is at bottom an equitable

11 one, taking account of all relevant circumstances surrounding the party's omission."  *S.E.C.*

12 *v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quoting *Lemoge v.*

13 *United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)).  Therefore, the Court considers four

14 factors in determining whether neglect is excusable and thus merits relief from a judgment:

15 "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its

16 potential impact on the proceedings; (3) the reason for the delay; and (4) whether the

17 movant acted in good faith."  *Id.*

18     "Because the client is presumed to have voluntarily chosen the lawyer as his

19 representative and agent, he ordinarily cannot later avoid accountability for negligent acts or

20 omissions of his counsel."  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir.

21 2002).  In other words, "a client is ordinarily chargeable with his counsel's negligent acts."

22 *Id.*

23                              **ANALYSIS**

24     The Court finds that plaintiff's proffered reasons for failing to amend the complaint

25 before the Court's deadline do not amount to excusable neglect, and therefore relief from

26 the judgment is denied.

27     The first factor does not weigh either for or against granting relief.  Defendants did

28 not explain what prejudice they would suffer as a result of the Court granting relief from the

judgment, apart from delayed resolution of this dispute.  Such a delay does not constitute prejudice for purposes of the Court's equitable analysis of excusable neglect.  *See Lemoge*, 587 F.3d at 1196 (finding that "merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of determining excusable neglect) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)).  Regardless, courts may deny a motion for relief from a judgment even when the prejudice is equal to the parties.  *See Platforms Wireless,* 617 F.3d at 1101 (affirming district court's denial of motion for relief from judgment where court found that prejudice to the parties was "in equipoise," but other factors tipped the scale in favor of denying relief).

The length of the delay in seeking relief from the judgment, and the effect that delay may have on the proceedings going forward, weighs in favor of denying plaintiff relief.  Plaintiff's motion states that plaintiff's counsel received notice of defendants' lodging of a proposed judgment of dismissal on June 19, 2013, and "[i]t was then Plaintiff's counsel discovered the mistake that no appearance was made at the May 22, 2013 hearing and the First Amended Complaint was not filed on June 12, 2013."  Dkt. No. 23 at 3.  Plaintiff does not explain why he then waited over three months to submit his motion for relief from the judgment, which was filed on September 25, 2013.  Such an unexplained delay is not excusable, especially considering that the motion appears to not have required extensive research and was largely plagiarized from another attorney's brief publicly available on the Internet[1].  *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (finding that alleged malpractice and inexperience of plaintiff's attorney did not amount to excusable neglect, especially in light of plaintiff's delay in filing the motion for relief from the judgment).  Although not discussed by the parties, the Court is left to wonder what the status of Mr. Graham's home foreclosure proceeding is, and whether the potentially more advanced status of the foreclosure would impact these proceedings going forward.

---

[1] Plaintiffs' Motion for Relief Under F.R.C.P. 60(b), *Estate of Ali Hussamaldeen Ibrahim Albazzaz et al. v. Prince et al.*, No. 09-cv-00616 TSE (E.D. Va. 2009), ECF No. 95.

In addition to failing to explain the delay in filing his motion for relief from the judgment, plaintiff's proffered reason for his failure to attend the motion hearing or file an amended complaint is inadequate. Plaintiff's counsel blames this inaction on his administrative staff's failure to calendar the hearing and amended complaint filing deadline. However, Mr. Feinstein and his colleague Mr. Nguyen both appear to have received ECF notifications of the filing of plaintiff's motion to dismiss, the Court's order granting the motion to dismiss, the lodgment of a proposed judgment and dismissal, and the Court's entering of the judgment and dismissal. Chambers Decl., Exs. A, E, F, G. The Court presumes that Mr. Feinstein and Mr. Nguyen have access to their own email accounts, and plaintiff's counsel have not attempted to explain their failure to take action upon receipt of the ECF emails. Further, plaintiff's own motion to remand included the date of the motion hearing, as did their opposition to the motion to dismiss. These inadequacies in plaintiff's counsel's explanation are not only insufficient, but force the Court to call into question whether plaintiff's counsel has acted in good faith. *See Platforms Wireless*, 617 F.3d 1072 at 1101 (finding district court appropriately questioned the defendants' good faith where defendants' counsel's excuse was illogical).

Although plaintiff himself may be blameless for the failings of Mr. Feinstein and Mr. Nguyen, the Ninth Circuit has made clear that he is nonetheless "chargeable with his counsel's negligent acts."

## CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from the judgment of final dismissal with prejudice is denied.

IT IS SO ORDERED.

Date:  January 9, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge